[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14029

Non-Argument Calendar

_____

WILLIAM FERRELL,

Petitioner,

*versus*

SECRETARY, U.S. DEPARTMENT OF THE INTERIOR,
U.S. DEPARTMENT OF THE INTERIOR,

Respondents.

_____

Petition for Review of a Decision of the
Department of the Interior
Agency No. DOI-OS-19-0756 - DOI-OS-20-0441

2                    Opinion of the Court                    23-14029

_____

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

The petition for review is DISMISSED, *sua sponte*, for lack of jurisdiction.  William Ferrell, a federal employee proceeding *pro se*, filed with us a petition for review of a final decision of the Equal Employment Opportunity Commission's ("EEOC") finding that he failed to prove employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act").  Ferrell cannot invoke our review directly because there is not any statutory authority for us to review final decisions made by the EEOC.  *See City of Baton Rouge v. U.S. EPA*, 620 F.2d 478, 480 (5th Cir. 1980) (concluding that the jurisdiction of a court of appeals to review agency orders in the first instance wholly depends upon statutory authorization); 29 C.F.R. § 1614.407(c) (authorizing a complainant under Title VII and the Rehabilitation Act to file a civil action in the appropriate United States district court within 90 days of receipt of the EEOC's final decision on an appeal); 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.